UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN OBUCH,

        Plaintiff,                             Case No. 11-14742

                                                   Paul D. Borman
v.                                                United States District Judge


                                                   Mona K. Majzoub
COMMISSIONER OF                            United States Magistrate Judge
SOCIAL SECURITY,

        Defendant.
_____/

OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND (4) DISMISSING PLAINTIFF'S COMPLAINT

     This matter is before the Court on Plaintiff's Objections (ECF No. 13, Objection to Report and Recommendation) to Magistrate Judge Mona K. Majzoub's January 9, 2013 Report and Recommendation (ECF No. 12, Report and Recommendation). Defendant filed a response to the Plaintiff's objections. (ECF No. 15, Defendant's Response to Plaintiff's Objections.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court DENIES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment and DISMISSES Plaintiff's Complaint.

1

**I.    BACKGROUND**

The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the Administrative Record are accurately and adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here. (ECF No. 12, Report and Recommendation 2-7.)

**II.   STANDARD OF REVIEW**

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). Substantial evidence includes any relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id*. (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal

quotation marks and citation omitted).  A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Specific objections enable the Court to focus on the particular issues in contention.  An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection.  *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III. ANALYSIS

The Court notes at the outset that Plaintiff's "objections" are in large part just a general objection to the Magistrate Judge's ultimate conclusion that substantial evidence supports the ALJ's conclusion that Plaintiff retained the functional capacity to perform sedentary work.  Such general objections "have the same effect as a failure to object" and are not entitled to *de novo* review. *Howard*, 932 F.2d at 509.  To the extent that Plaintiff has identified specific errors that the Magistrate Judge is alleged to have committed, the Court has reviewed the Magistrate Judge's conclusions *de novo* and, for the reasons that follow, finds no error.

Plaintiff objects that the Magistrate Judge erred in accepting the ALJ's decision to discount

3

that portion of Dr. Awerbuch's report that indicated that Plaintiff suffered from anxiety and depression. Dr. Awerbuch checked the boxes pertaining to anxiety and depression but his notes contain no mention of complaints of anxiety or depression or a diagnosis of mental disorders and no indication, despite the fact that Dr. Awerbuch is a neurologist, that he ever ordered Plaintiff to undergo testing of any kind for an alleged mental health disorder. There is no record evidence that Plaintiff was ever treated for, or ever sought treatment for, anxiety or depression. A complete failure to seek treatment for an alleged disabling condition can be considered by an ALJ as bearing on the credibility of the claimed impairment. *See Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997) (finding it significant that claimant, who did not hesitate to seek medical care for his physical complaints, never sought treatment for his claimed mental impairments). The Magistrate Judge correctly concluded that the ALJ appropriately discounted this finding as to Plaintiff's alleged anxiety and depression.

Plaintiff's second specific objection relates to the Magistrate Judge's conclusion that the record supported the ALJ's conclusion that Plaintiff could perform a limited range of fine and gross upper extremity movements. In fact, the ALJ's conclusions regarding Plaintiff's upper extremity limitations were based not only upon Plaintiff's admitted ability to button clothing and pick up coins from a table but also upon Dr. Jonathon's Rene's examination indicating that Plaintiff had full range of motion in his elbows and wrists and had good grip strength. (Tr. at 20.) The ALJ found Dr. Awerbuch's cursory conclusion that Plaintiff was limited to using his hands, fingers and arms only 10% of an 8 hour workday to be unsupported by a preponderance of the evidence and therefore gave this finding little weight. The Magistrate Judge did not err in finding that substantial evidence supported this conclusion, particularly in light of additional evidence in the record, noted by the

Magistrate Judge, indicating that Plaintiff himself indicated that he had no difficulty dressing, caring for his hair, shaving, feeding himself, or using the toilet and that he prepared his own morning coffee, prepared meals using a microwave oven and shopped for food and household supplies in stores once a month for up to four hours at a time. (Tr. at 203-06.)

Even if there is substantial evidence that would support a conclusion other than that reached by the ALJ, if the ALJ's decision is supported by substantial evidence this Court "must defer to that decision." *Colvin*, 475 F.3d at 730. Importantly, this Court does not engage in credibility determinations and leaves such matters to the ALJ, who in this case was able to question and observe the demeanor of the claimant. The Magistrate Judge correctly concluded that the ALJ properly accounted for the Plaintiff's credible limitations as to depression, anxiety and upper extremity capabilities.

## IV. CONCLUSION

The Court concludes that the Magistrate Judge did not err in concluding that the ALJ's findings were supported by substantial evidence. Accordingly, the Court:

    (1)    ADOPTS the Report and Recommendation (ECF No. 12);

    (2)    DENIES Plaintiff's Motion for Summary Judgment (ECF No. 10);

    (3)    GRANTS Defendant's Motion for Summary Judgment (ECF No. 11); and

    (4)    DISMISSES Plaintiff's Complaint.

IT IS SO ORDERED.

                                            s/Paul D. Borman
                                            Paul D. Borman
                                            United States District Judge

Dated: August 7, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 7, 2013.

                                                  s/Deborah Tofil
                                                  Case Manager